Johnnie JONES, Jr.

v.

Joseph A. CALIFANO, Jr.

Civ. A. No. 77–459 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 16, 1977.

Johnnie Jones, pro se.

William L. Harper, U. S. Atty., William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant.

### ORDER

RICHARD C. FREEMAN, District Judge.

This is a review pursuant to 42 U.S.C. § 405(g) of an administrative denial of disability benefits under the Social Security Act, 42 U.S.C. § 401, et seq., brought by a concededly totally disabled claimant. The claimant appears to have properly exhausted his administrative remedies prior to seeking this judicial review. The action has preliminarily been considered by the United States Magistrate, 28 U.S.C. § 636. The Report and Recommendation of the Magistrate effectively overruling the administrative denial of benefits and denying the Government's motion for summary judgment are presently before the court on the objections of the Government. The facts found in the administrative proceedings upon this claim are ably detailed in the magistrate's report and need not be reiterated here.

Upon the findings of the Administrative Law Judge, reviewed by the Appeals Council, adopted by the Secretary of Health, Education, and Welfare, and accepted by the magistrate,[1] the claimant had only accumulated 19 of the required 20 quarters of coverage[2] within the 40-quarter period immediately prior to his application for disability benefits. The magistrate recommends granting such benefits on the ground that the missing quarter of the required 20 total quarters may be found in the claim-

ant's earlier military service. *Randall L. Chance v. Joseph A. Califano, Jr.*, C.A. No. 75–1642A (N.D.Ga. Sept. 12, 1977), *appeal docketed*, 574 F.2d 274 (5th Cir. 1977).

Claimant served with the United States Air Force from 1951 until March 12, 1964. Now claimant seeks to borrow one quarter of coverage from his previously uncounted military service (a period of 1951–March 31, 1962), pursuant to the authority of 42 U.S.C. § 417(e)(1), and to apply that quarter of coverage to the "twenty quarters of coverage during the forty-quarter period which ends with such quarter . . . .", 42 U.S.C. § 416(i)(3)(B)(i), which governs eligibility for disability benefits. The Government objects to this "borrowing" or "floating" of earlier military quarter credits as an improper construction and interpretation of 42 U.S.C. § 417(e)(1) and contends instead that the section should be read to make military quarters of coverage available in an eligibility computation only for service quarters falling within the forty-quarter calendar term.

The problem arises from the language of two provisions of the Social Security Act which must be harmonized. The pertinent portion of the first provision establishes the requirements of eligibility for disability benefits:

> The requirements referred to . . . are satisfied by an individual with respect to any quarter only if—
>
> .     .     .     .     .
>
> (B)(i) he had not less than twenty quarters of coverage during the forty-quarter period which ends with such quarter
>
> .   .   . .

42 U.S.C. § 416(i)(3). The other pertinent provision defines eligibility under 42 U.S.C. § 416(i)(3) for quarters of coverage served in the military:

---

1. Records of the proceedings before the administrative law judge and of the hearings before the magistrate recount near herculean efforts by all parties to find the one quarter of coverage lacking in claimant's employment history during the 40-quarter period.

2. "The term 'quarter' . . . means a period of three calendar months ending on March 31, June 30, September 30, or December 31. The term 'quarter of coverage' means a quarter of coverage in which the individual has been paid $50 or more in wages . . . ." 42 U.S.C. § 413(a)(1), (2).

For purposes of determining entitlement to and the amount of any monthly benefit . . . payable under this subchapter on the basis of wages . . . of any veteran . . . *and for purposes of section 416(i)(3) of this title,* such veteran shall be deemed to have been paid wages . . . of $160 in each month during any part of which he served in active military or naval service of the United States on or after July 25, 1947, and prior to January 1, 1957.

42 U.S.C. § 417(e)(1) [emphasis supplied].[3]

The question for our review is posed as whether quarters of coverage in active military service, 42 U.S.C. § 417(e)(1), may be applied "for purposes of section 416(i)(3)" only if the military service quarters fall within the 40-quarter period immediately preceding disability, described in 42 U.S.C. § 416(i)(3)(B)(i). If armed services quarters may only be accumulated toward disability eligibility within the 40-quarter term, claimant's petition must fail. If, on the other hand, a military quarter of coverage earned anytime between 1947 and 1957 may be counted, claimant's petition for disability benefits must be granted.

 The court concludes that proper interpretation of 42 U.S.C. § 417(e)(1) allows military quarters of coverage to be accumulated for purposes of disability eligibility only when those quarters fall within the 40-quarter period immediately preceding disability. Upon this conclusion claimant's petition must fail. The administrative denial of disability benefits to this claimant was correct under the law and not arbitrary or abusive of discretion. The Government's motion for summary judgment should be GRANTED. The court's interpretation of 42 U.S.C. § 417(e)(1) places armed service personnel in the same position as other employees under the Act. It was the intent of Congress to provide the "same opportunity"

for old-age, survivors, and disability benefits to the men and women in the armed services as to employees in the private or public sector who were already covered by the Act. S.Rep.No.1806, 82d Cong., 2d Sess., *reprinted in* [1952] *U.S.Code Cong. & Admin.News,* pp. 2363, 2386; S.Rep.No. 1987, 83d Cong., 2d Sess., *reprinted in* [1954] *U.S.Code Cong. & Admin.News,* pp. 3710, 3785. If anyone with a history of military service could "borrow" or "float" quarters of coverage from outside the 40-quarter period, service personnel would be placed in a very special position above other employees. The intent of Congress in amending the Social Security Act was not to make armed services personnel extraordinary but rather to make them equal to other employees for Social Security eligibility purposes.

Although claimant has presented an extremely sympathetic case and needs to "borrow" only one quarter of coverage from an ineligible period, the court must serve the intent of Congress and refuse an improper construction of 42 U.S.C. § 417(e)(1). Other claimants might seek to borrow 20 ineligible credits. The Social Security fund has been calculated, and it is feared undercalculated, to serve the population which Congress has declared eligible for benefits. The restrictions which Congress has set may not be altered even in claimant's otherwise worthy case. The denial of disability benefits to claimant by the Secretary of Health, Education, and Welfare was proper.

Accordingly, defendant's motion for summary judgment is hereby GRANTED.

IT IS SO ORDERED.

---

**3.** In enacting 42 U.S.C. § 417(e), Congress effectively extended the eligibility coverage of the Social Security Act to include those who had served in the uniformed services between 1947 and 1957. Those who had served since January 1, 1957, had already been included within the coverage of the Act. 42 U.S.C. § 410(*l*), (m). Claimant's service in the United States Air Force from 1951 to 1964 therefore spanned the periods included by 42 U.S.C. § 410(*l*), (m) and § 417(e). The language of 42 U.S.C. § 417(e), however, is selected for review because it raises the ambiguity posed for consideration and interpretation herein.